U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV - 2 2007

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20089-011 |
| VS. | : | JUDGE MINALDI |
| TOMAS SILVA | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion to Sever by the defendant, Tomas Silva ("Silva").

This is a sixteen defendant case which has been pending since the indictment was filed on August 6, 2006.   Silva was arraigned and had an initial appearance on these charges on November 30, 2006.

The trial was set for February 12, 2007.   The trial was continued on a motion by co-defendants.

On August 15, 2007, there was a hearing on a co-defendant's subsequent motion to continue the trial. At that hearing the only defendant who expressed a desire for an earlier trial date was Larry Gonzalez.

On August 17, 2007, Gonzalez moved to sever his case from his co-defendants because the criminal conduct of which he was accused was conduct for which he had already been convicted in another court and for which he had been serving a sentence over the past five years.

On August 21, 2007, the Government, while opposing Gonzalez's motion, moved to sever Romero and Tomas Silva ("Silva") premised upon the fact that both gave separate confessions to

state and federal agents in which they implicated co-defendants. Neither of these confessions implicated Gonzalez. On August 23, 2007, the court issued an order severing the trial of Romero, Gonzalez and Silva from the remaining defendants.

Romero and Gonzalez then filed a second motion to sever which was denied.

Romero filed a motion to continue and the trial of these three defendants has been reset for January 14, 2008.

Silva has filed a Motion to Sever[1] which is now before the court. In this motion Silva fails to allege any factual or legal basis for a severance. He does not assert that he was not involved in the drug trafficking conspiracy charged in the indictment.

The joinder of Romero, Gonzalez and Silva for trial is legitimate because they were charged with having conspired with each other. *United States v. Thomas,* 12 F.3d 1350, 1363 (5th Cir.), *cert. denied sub nom. Sanchez v. United States,* 511 U.S. 1095, 114 S.Ct. 1861, 128 L.Ed.2d 483 (1994); *United States v. Elam,* 678 F.2d 1234, 1250 (5th Cir.1982). There is no allegation that any of these three defendants will receive an unfair trial by virtue of their joinder or that they will suffer compelling prejudice against which the trial court will be unable to afford protection. *U.S. v. Polk,* 56 F.3d 613, 632 -633 (C.A.5 (Miss.), 1995); *United States v. Salomon,* 609 F.2d 1172, 1175 (5th Cir.1980). An defendant must show more than the fact that a separate trial might offer him a better chance of acquittal. *United States v. Berkowitz,* 662 F.2d 1127, 1132 (5th Cir.1981). In this case, the government has alleged that these defendants, among others, are guilty of conspiracy. Even if some risk of prejudice exists, the court may properly instruct the jury to limit evidence to the

---

[1]     This was a Motion to Sever, to Continue and for an Expedited Hearing.

appropriate defendant.  Accordingly, Silva's  Motion to Sever will be denied.  A continuance was granted previously and there is no justification for an expedited hearing as requested by the defendant.

Lake Charles, Louisiana, this ____ day of October, 2007.


PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3