UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:06-CR-20089-11** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TOMAS SILVA (11)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a "Motion Requesting Home Confinement" [doc. 1087] filed by Tomas Silva, an inmate in the custody of the Bureau of Prisons who is currently serving a sentence imposed by this court. The government opposes the motion. Doc. 1091.

### I.
### BACKGROUND

Mr. Silva was convicted in this court of one count of possession with intent to distribute narcotics, a violation of 21 U.S.C. § 846. Doc. 279. On June 25, 2009, he was sentenced to a 240-month term of imprisonment. Doc. 507. Mr. Silva is now incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi. He writes to the court requesting home confinement and "deferral to the public defenders office in order to submit a formal motion for early release and home confinement," due to the possibility of exposure to COVID-19 at his place of incarceration. Doc. 1087. The court issued its standard procedural order governing requests for COVID-19 compassionate release and the government has now filed a response to Mr. Silva's motion. Docs. 1088, 1091.

## II.
## LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020). The defendant bears the burden of demonstrating compliance with this requirement. *See, e.g.*, *United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases).

To the extent he is seeking compassionate release, Mr. Silva does not indicate if or how he has pursued his administrative remedies with the Bureau of Prisons. Accordingly,

such request will be denied without prejudice to his right to renew it upon a showing of exhaustion.

More directly, Mr. Silva moves for release to home confinement. The court is without authority to grant this request. The Director of the Bureau of Prisons may authorize home confinement for the shorter of ten percent of an inmate's term of imprisonment or six months. 18 U.S.C. § 3624(c). Under the CARES Act of 2020, Congress has also lengthened the maximum amount of time an inmate may be placed on home confinement. Pub. L. 116-136, § 12003(b)(2). Decisions regarding inmate designations, however, are exclusively reserved to the BOP and are not subject to judicial review. *See* 18 U.S.C. § 3621(b). Accordingly, as several courts have recently recognized, the district court has no authority to order home confinement under the CARES Act. *E.g.*, *United States v. Read-Forbes*, 2020 WL 1888856 (D. Kan. Apr. 16, 2020); *United States v. Engleson*, 2020 WL 1821797 (S.D.N.Y. Apr. 10, 2020); *United States v. Hembry*, 2020 WL 1821930 (N.D. Cal. Apr. 10, 2020); *United States v. Carter*, 2020 WL 180288 (S.D. Ind. Apr. 9, 2020). This request is therefore denied.

## III.
### CONCLUSION

The Motion for Compassionate Release [doc. 1087] is **DENIED**, without prejudice to Mr. Silva's right to renew his request for compassionate release (but not home confinement) upon a showing of administrative exhaustion.

**THUS DONE AND SIGNED** in Chambers on this 4th day of June, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**