UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

UNITED STATES OF AMERICA         CASE NO.  2:06-CR-20089-11

VERSUS         JUDGE JAMES D. CAIN, JR.

TOMAS SILVA (11)         MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the court is a "Reply to the Government's Opposition" [doc. 1095] filed by Tomas Silva in support of his Motion for Compassionate Release [doc. 1087]. The court set no reply deadline under its standard procedural order [doc. 1088] and the reply arrived after the court had denied Mr. Silva's motion, in relevant part, without prejudice for failure to show exhaustion of administrative remedies. *See* doc. 1093. Accordingly, the court will treat the new filing as a Motion for Relief from Judgment Under Federal Rule of Civil Procedure 59(e). This rule "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," and should not be used "for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (cleaned up). Because the exhaustion issue was first raised in the government's response, the court considers any defenses now asserted by Mr. Silva to be potential grounds for relief under Rule 59(e).

Mr. Silva is an inmate in the custody of the Bureau of Prisons, currently incarcerated at the Federal Correctional Institution at Yazoo City, Mississippi. He is serving a twenty-

year sentence imposed by this court in 2009, following his conviction for possession with intent to distribute under 21 U.S.C. § 846. He has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) or for release to home confinement. Doc. 1088. The court denied the motion, holding that Mr. Silva had failed to show exhaustion of administrative remedies as required for consideration of compassionate release and that the court had no authority to review the BOP's determinations on home confinement. Doc. 1093. Mr. Silva now argues that relief should be granted notwithstanding the exhaustion requirement, due to the emergency situation created by the COVID-19 pandemic. Doc. 1095.

As the court previously noted, a sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020). The defendant bears the burden of demonstrating compliance with this requirement. *United*

*States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting

cases). Several district courts have found that exhaustion is a jurisdictional prerequisite to

compassionate relief, a position also adopted by this court. *United States v. Blount*, 2020

WL 2892107, at *3 (W.D. La. Jun. 1, 2020); *see United States v. Koons*, __ F.Supp.3d ___,

2020 WL 1940570, at *3 (W.D. La. Apr. 21, 2020) (collecting cases).

As Mr. Silva points out, other district courts have found that the statute's exhaustion

requirement is not absolute and may be waived by the government or the court. *See*

*Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring)

(collecting cases). Such a waiver could "justify[] an exception in the unique circumstances

of the COVID-19 pandemic," where a prisoner's health may be at risk in the face of a

rapidly encroaching disease. *Id.* The only circuit courts to address the issue, however, have

concluded that exhaustion requirements are not waivable and that, even under pandemic

conditions, an inmate's failure to comply "presents a glaring roadblock foreclosing

compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *accord*

*United States v. Alam*, __ F.3d ___, 2020 WL 2845694, at *4–*5 (6th Cir. Jun. 2, 2020).

This court agrees. The BOP has not had an opportunity to consider Mr. Silva's

request for compassionate release. Time may be of the essence in his case, though he has

not identified any specific individual risk factors.[1] But it will be of the essence in many

cases for compassionate release, which are often based on health-related reasons.

---

[1] Mr. Silva's motion is instead premised on the presence of COVID-19 at FCI Yazoo City, the length of his sentence, and his demonstration of successful rehabilitation over his years of incarceration. The court takes notice of these factors, but does not find that any one creates a special case for expedited consideration when Mr. Silva has not demonstrated an increased risk of complications.

Moreover, "[t]he seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk." *Alam*, 2020 WL 2845694 at *4.

The circumstances of the pandemic do not permit the court to ignore Congress's express mandate that the BOP have first pass at these requests. The Motion for Relief from Judgment [doc. 1095] fails to excuse the exhaustion requirement to Mr. Silva's Motion for Compassionate Release and is therefore **DENIED**. Mr. Silva may renew his request upon a showing of administrative exhaustion.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of June, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**